UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLANDA RILEY,

    Plaintiff,                          No. 19-10060

v.                                         District Judge David M. Lawson
                                              Magistrate Judge R. Steven Whalen

ANGELINA JOHNSON, NICK LYON,
and GRETCHEN WHITMER,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 7, 2019, Plaintiff Jolanda Riley filed a *pro se* civil complaint in this Court. On January 17, 2009, she was granted leave to proceed *in forma pauperis* ("IFP"), and on the same day the case was referred to me for pretrial proceedings, including "[s]creening of the complaint to determine if it should be summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)." [Doc. #6]. For the reasons discussed below, I recommend that the case be dismissed *sua sponte* under 28 U.S.C. §1915(e)(2)(B), as being frivolous and failing to state a claim upon which relief can be granted.

**I.    FACTS**

Ms. Riley filed her complaint using a form that this Court provides to pro se litigants, Form MIED Pro Se 1. Her introductory paragraph states:

> "Defendants failed to follow MCWL Chapter 4, 4.1.1. Placement Procedure and Protocol violating United States Constitution and Michigan claim of libel and defamation and RICO act violations, misuse of authority and $10,000,000,000 US is requested by Plaintiff."

Ms. Riley asserts federal question jurisdiction, referring to "RICO act." *Complaint*, Doc. #1, Pg. ID 5. Her statement of the claim, at page 6 of the complaint, Pg. ID 6, states in its entirety:

> "The Plaintiff brought this claim against the Defendants in their individual capacities for interfering with Plaintiff's right to property as protected in the Constitution of the United States and moves this Court to demand relief sought to Plaintiff in the amount of $10,000,000,000 US and a TRO issue against the Defendants to mitigate ongoing harm or harassment."

In the Relief section of the complaint, Pg. ID 7, Plaintiff seeks the following:

> "Order Defendants to stay away from Plaintiff's family and pay compensatory damages of $10,000,000,000 US to Plaintiff."

## II.   STANDARD OF REVIEW

Because the Plaintiff requested and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides as follows:

> "[T]he court shall dismiss the case at any time if the court determines that-
>
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams* 490 U.S. 319, 325 (1989).

### III.  DISCUSSION

Ms. Riley's complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous, and under § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief can be granted.

The United States Supreme Court has set forth the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6), that is, for failure to state a claim on which relief can be granted. *Bell Atlantic Corp. V. Twombley*, 550 U.S 544 (2007),  construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555.  Second, the

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

In *Smith v. Michigan Dep't of Human Servs.*, No. 06-14960, 2007 WL 2178318, at *3 (E.D. Mich. July 27, 2007)(Lawson, J.), the Court explained the relationship between § 1915(e)(2)(B)(ii) and failure to state a claim as follows:

> "[U]nder section 1915(e)(2)(B)(ii), a plaintiff's complaint is subject to dismissal for failure to state a claim if the factual allegations, taken as true, do not demonstrate that the plaintiff is entitled to relief....To be entitled to relief, the plaintiff's complaint must contain " 'either direct or inferential allegations respecting all the material elements needed to sustain a recovery under *some* viable legal theory.' " *Brown v. Scott*, 329 F.Supp.2d 905, 909 (E.D.Mich.2004) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)) (emphasis in original)."

The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

This complaint is devoid of facts that would support any legal claim. Although Ms. Riley alludes to a RICO conspiracy, she offers no explanation of what these Defendants did that would violate the RICO act. We could probably assume that the Gretchen Whitmer that Plaintiff names as a Defendant is the governor of the State of Michigan, but there is no statement of what Gov. Whitmer allegedly did that gives rise to any federal cause of action. Likewise with Defendants Angelina Johnson and Nick Lyon, there is no indication of what they did or who they are.

In short, Ms. Riley has not shown any basis for federal jurisdiction, nor has she pled facts that would plausibly support any cause of action, federal or otherwise. This complaint falls far short of the factual requirements of Rule 8(a), as discussed in *Twombley* and *Iqbal*. It does not state a claim on which relief can be granted, and insofar as it lacks a basis in law or fact, it is frivolous. *Neitzke v. Williams, supra*. Therefore, the complaint must be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

## IV.   CONCLUSION

I recommend that the Court *sua sponte* dismiss this complaint with prejudice under 28 U.S.C. §1915(e)(2)(B), as being frivolous and failing to state a claim upon which relief can be granted.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within

the objections.

                                          s/ R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 2, 2019, electronically and/or by U.S. mail.

                                          s/Carolyn M. Ciesla
                                          Case Manager to the
                                          Honorable R. Steven Whalen